UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                Chapter 11

SUN STEAKS, LLC,                                      Case No. 8:20-bk-7727-CED

    Debtor.
_____/

**SUBCHAPTER V TRUSTEE'S MOTION FOR
ORDER TO SHOW CAUSE WHY SUBPOENAED PARTIES SHOULD NOT BE
HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH ORDER**

    Amy Denton Mayer, the duly appointed Subchapter V Trustee (the "**Trustee**") for the bankruptcy estate of Sun Steaks, LLC (the "**Debtor**"), by and through her undersigned counsel, requests the entry of an order to show cause why Sun Holdings, Inc., SunCo Restaurants, LLC, and Sunny Corral Management, LLC (together, the "Subpoena Recipients") should not be held in contempt of Court for failure to comply with the *Order Granting Subchapter V Trustee's Motion to Compel Production of Documents Pursuant to Rule 2004 Subpoenas* (Doc. No. 334) (the "**Compel Production Order**") and impose monetary and other appropriate sanctions against the Subpoena Recipients, and states the following in support:

    1.    On October 16, 2020 (the "**Petition Date**"), Sun Steaks, LLC (the "**Debtor**") filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

    2.    On October 19, 2020, the United States Trustee filed a *Notice of Appointment of Subchapter V Trustee* (Doc. No. 5).

3. Pursuant to Section 5.03 of the *Debtor's Second Plan of Liquidation* (Doc. No. 195) (the "Plan") and Section 12 of this Court's *Order Confirming Debtor's Second Plan of Liquidation* (Doc. No. 237) (the "Confirmation Order"), the Trustee is vested with the authority to object to claims and pursue causes of action.

4. To meet the duties under the Plan, the Subchapter V Trustee served subpoenas (the "**Subpoenas**") under Rule 2004 on the following entities (collectively, the "**Subpoena Recipients**"):

    a.    Sun Holdings, Inc. (Doc. No. 306)
            c/o Corporate Creations Network Inc., Registered Agent
            5444 Westheimer, #1000
            Houston, TX 77056

    b.    SunCo Restaurants, LLC (Doc. No. 305)
            c/o Corporate Creations Network Inc., Registered Agent
            3411 Silverside Road
            Tatnall Building, Suite 104
            Wilmington, DE 19810

    c.    Sunny Corral Management, LLC (Doc. No. 304)
            c/o Corporate Creations Network Inc., Registered Agent
            801 US Highway 1
            North Palm Beach, FL 33408

5. The Subpoenas were filed on June 22, 2022 and were properly served on the respective Subpoena Recipients to whom they were addressed.

6. No responses to the Subpoenas were received.

7. On August 8, 2022, the Trustee filed her *Subchapter V Trustee's Motion to Compel Production of Documents Pursuant to Rule 2004 Subpoenas* (Doc. No. 329) (the "**Compel Production Motion**").

8. After notice and a hearing on August 29, 2022, this Court entered its Compel Production Order, which directed the Subpoena Recipients to and produce documents responsive to the Subpoenas within fourteen days from the date of the order.

9. None of the Subpoena Recipients have responded or produced documents responsive to the Subpoenas or in compliance with the Compel Production Order.

10. The Compel Production Order provides that "The Court reserves jurisdiction on finding that the Subpoena Recipients are in contempt currently for failing to respond to the Subpoenas, or will be in contempt if they fail to respond to the Subpoenas as ordered by this Order, and for the appropriate sanctions, including but not limited to monetary sanctions, for any failure to respond." Compel Production Order, ¶ 3.

11. The Trustee requests that the Court enter an order to show cause, and absent a showing of cause by the Subpoena Recipients, impose sanctions against the Subpoena Recipients. In fashioning sanctions to secure compliance with an order, the Court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses…." *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). Coercive sanctions should be designed to, and not any greater than necessary to, ensure compliance. Here, the Trustee requests that the sanctions include a compensatory fine equal to the fees and expenses incurred by the Trustee in enforcing compliance with the Subpoenas, and a coercive daily fine of $1,000 per day against each of the Subpoena Recipients.

WHEREFORE, the Trustee requests (i) the entry of an order to show cause why the Subpoena Recipients should not be held in contempt for their failure to respond or produce documents responsive to the Subpoenas and the Compel Production Order, (ii) set a hearing on the order to show cause, (iii) if the Court finds that the Subpoena Recipients violated the Compel

Production Order, then impose monetary and other appropriate sanctions against the Subpoena Recipients, and (iv) grant such further relief as this Court deems necessary and just.

DATED September 20, 2022

                                                    */s/ Daniel R. Fogarty*
                                                   Daniel R. Fogarty (FBN 0017532)
                                                   Matthew B. Hale (FBN 0110600)
                                                   Stichter, Riedel, Blain & Postler, P.A.
                                                   110 E. Madison Street, Suite 200
                                                   Tampa, Florida 33602-4718
                                                   Telephone: (813) 229-0144
                                                   Email: dfogarty@srbp.com; mhale@srbp.com
                                                   Attorneys for Subchapter V Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 20, 2022, a true and correct copy of the foregoing has been furnished by the Court's CM/ECF Systems to all parties receiving electronic notice, and by U.S. Mail to:

| | |
|---|---|
| Sun Holdings, Inc.<br>c/o Corporate Creations Network Inc., Registered Agent<br>5444 Westheimer, #1000<br>Houston, TX 77056 | Sunny Corral Management, LLC<br>4515 Lyndon B. Johnson Highway<br>Dallas, TX 75244 |
| SunCo Restaurants, LLC<br>c/o Corporate Creations Network Inc., Registered Agent<br>3411 Silverside Road<br>Tatnall Building, Suite 104<br>Wilmington, DE 19810 | Sunny Corral Management, LLC<br>c/o Guillermo Perales, Manager<br>P.O. Box 59924<br>Dallas, TX 75229-1924 |
| Sunny Corral Management, LLC<br>c/o Corporate Creations Network Inc., Registered Agent<br>801 US Highway 1<br>North Palm Beach, FL 33408 | Sunny Corral Management, LLC<br>c/o Legal Department<br>P.O. Box 59924<br>Dallas, TX 75229 |

    /s/  Daniel R. Fogarty

4894-5701-2532, v. 1