UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

**SUN STEAKS, LLC**,                                          Case No.: **8:20-bk-7727-CED**
                                                             Chapter **11**

    Debtor.

_____/

**AMY DENTON MAYER**, as Subchapter V
Trustee for the bankruptcy estate of Sun
Steaks, LLC,

    Plaintiff,

v.                                                           Adv. Case No. **8:22-ap-00200-CED**

**SUN HOLDINGS, INC**. and
**PRONTO MANAGEMENT, LLC,**

    Defendants.

_____/

## EXPEDITED  MOTION TO COMPEL MANDATORY MEDIATION

Sun Holdings, Inc., Sunny Corral Management, LLC,  SunCo Restaurants, LLC and Pronto

Management, LLC (collective "**Sun Entities**") by and through the undersigned counsel,  file this

*Expedited Motion to Compel Mandatory Mediation*  and in support thereof, would state:

1.      Sun Holdings, Inc., SunCo Restaurants, LLC, Sunny Corral Management, LLC are

the respondents in a contested matter,  defending Amy Denton Mayer's (the "Chapter 11 Trustee")

*Motion for Order to Show Cause Why Subpoenaed Parties Should not be Held in Contempt of Court*

*for Failure to Comply with Court Order* (related document(s)334 and 336). Sun Holdings, Inc.,

SunCo Restaurants, LLC, Sunny Corral Management, LLC believe that they have complied by production of "ninety nine percent (99%)" of the documents requested.

2.      Sun Holdings, Inc. and Pronto Management, LLC are the defendants in an adversary proceeding brought by Amy Denton Mayer (the "Chapter 11 Trustee") in her *Complaint*, adversary proceeding 8:22-ap-00200-CED, filed on October l0, 2022.

3.      The Disputes between the parties arising from the Chapter 11 Trustee's contempt *Motion* and avoidance *Complaint* are in their infancy. As such, an early mediation of this causes may help facilitate communication between the parties and possibly avoid lengthy litigation that may cause all parties to incur excessive attorneys' fees and costs. The potential for an early resolution will also assist in providing relief to the court system, as these causes will likely be ordered to mediation in any event.

4.      Mediation is necessary to quickly obtain agreements between all parties involved and establish the amounts, if any, actually payable to the Chapter 11 Trustee, and resolve the claims, if any, against the Sun Entities, for the benefit of the Estate and its' creditors.

5.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.

6.      The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408.

7.      The statutory predicate for the relief sought herein is, without limitation,  U.S.C. §105(a) and other applicable law.

8.      No previous application for the relief sought herein has been made by the Sun Entities to this Court.

9.    The Sun Entities therefore move this Court to refer these causes to mediation immediately in order to make every effort to resolve this matter without further assistance from the Court.

10.    It is within this Court's discretion to mandate that the parties attend Mediation. At the Mediation, an authorized agent of each party and their counsel should be required to present a brief and legal outline of each parties position in this case.

## PROPOSED MEDIATOR

11.    The Sun Entities  propose that this Court appoint Orlando attorney Roy Kobert as Mediator. The issues are complicated and Mr. Kobert has the experience and knowledge to act as Mediator in an efficient manner.  Mr. Kobert is also "ZOOM proficient." Undersigned has confirmed that Mr. Kobert has no conflicts, and is available to act as Mediator.

12.    Each participant should be required to have settlement authority present for Mediation. The failure of any party to appear and participate in the Mediation should result in a forfeiture of that party's claim or interest in this case. Only in this matter can the parties to this case produce a cost-beneficial result.

13.    Undersigned counsel has proposed Mr. Kobert to opposing counsel, who has no objection to Mr. Kobert acting as Mediator in these causes if and when the Court orders the parties to  Mediation.

## CHAPTER 11 TRUSTEE's POSITION

14.    Undersigned counsel has proposed going to Mediation immediately  to opposing

counsel, who has no objection to Mediation, subject to passage of sufficient time to engage in discovery and to have a better understanding of the Sun Entities' position(s) in these causes.

**RELIEF SOUGHT**

12.     There is a **strong public interest in the expeditious resolution of lawsuits through settlement**. Throughout history, the law has encouraged settlements. *Bradley v. Sebelius*, 621 F.3d 1330 (11th Cir. Fla. 2010) [Emphasis added].  Courts have repeatedly acknowledged the desirability of encouraging settlements. *United States ex rel. Underwood v. Genentech, Inc.*, 2010 U.S. Dist. LEXIS 144879 (E.D. Pa.); and  *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1126, 231 U.S. App. D.C. 79 (D.C. Cir. 1983) ("Not only the parties, but the general public as well, benefit from the  saving of time and money that results from the voluntary settlement of litigation. Thus, "[v]oluntary settlement of civil controversies is in high judicial favor.'")

13.     This *Expedited Motion to Compel Mandatory Mediation* is therefore not filed for reasons of delay, nor will it prejudice any party in interest.

WHEREFORE, Sun Holdings, Inc., Sunny Corral Management, LLC,  SunCo Restaurants, LLC and Pronto Management, LLC  respectfully request that this Court enter its Order:

a.     granting this *Expedited Motion for Order Compelling Mandatory Mediation*;

b.     compelling the parties to attend and participate in Mediation as a condition precedent to trials in these causes;

c.     appointing Orlando attorney Roy Kobert as Mediator; and

d.     any further relief this Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ Matthew J. Kovschak
**MATTHEW J. KOVSCHAK, ESQUIRE**
Attorney for Sun Entities

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been furnished by electronic service on November 14, 2022 to all persons receiving notice by CM/ECF.

Dated: November 14, 2022

/s/ Matthew J. Kovschak
**MATTHEW J. KOVSCHAK, ESQUIRE**
Sutton Law Firm
*The Mann Manor*
325 West Main Street
Bartow, FL 33830
Florida Bar No.: 602876
(863) 533-8912
(863) 533-4633
E-Mail: mjkovschak@aol.com;
DJSService@suttonlawfirm.net