UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

SUN STEAKS, LLC,                          Case No. 8:20-bk-7727-CED

    Debtor.
_____/

**SUBCHAPTER V TRUSTEE'S THIRD**
**MOTION TO EXTEND DEADLINE PURSUANT TO 11 U.S.C. § 546(a)**

Amy Denton Mayer, the duly appointed Subchapter V Trustee (the "**Trustee**") for the bankruptcy estate of Sun Steaks, LLC (the "**Debtor**"), by and through the undersigned counsel, moves this Court for entry of an order further extending the deadline pursuant to 11 U.S.C. § 546(a) to bring avoidance claims before two years after the order for relief is entered, which the Court previously extended by an order. In support of this motion, the Trustee states:

**Background**

1. On October 16, 2020 (the "**Petition Date**"), the Debtor filed with this Court its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and made an election to proceed under Subchapter V pursuant to the Small Business Reorganization Act of 2019, as amended.

2. On October 19, 2020, the United States Trustee filed a *Notice of Appointment of Subchapter V Trustee* (Doc. No. 5).

3. Pursuant to Section 5.03 of the *Debtor's Second Plan of Liquidation* (Doc. No. 195) (the "Plan") and Section 12 of this Court's *Order Confirming Debtor's Second Plan of Liquidation* (Doc. No. 237) (the "**Confirmation Order**"), the Trustee is vested with the authority to object to claims and pursue causes of action.

4.	The initial deadline to file complaints pursuant to 11 U.S.C. § 546 was October 15, 2022 (the "**Avoidance Action Deadline**").

5.	On October 12, 2022, the Trustee filed her Trustee's Motion to Extend Deadline Pursuant to 11 U.S.C. § 546(a) (Doc. No. 361).

6.	On October 14, 2022, the Court entered its Order Granting Subchapter V Trustee's Motion to Extend Deadline Pursuant to 11 U.S.C. § 546(a) (Doc. No. 368), extending the deadline through and including December 14, 2022, without prejudice to future requests for extensions requested by the Trustee.

7.	On December 7, 2022, the Trustee filed her Trustee's Second Motion to Extend Deadline Pursuant to 11 U.S.C. § 546(a) (Doc. No. 393).

8.	On December 12, 2022, the Court entered its Order Granting Subchapter V Trustee's Second Motion to Extend Deadline Pursuant to 11 U.S.C. § 546(a) (Doc. No. 396), extending the deadline through and including February 13, 2023, without prejudice to future requests for extensions requested by the Trustee.

9.	The Trustee has already filed certain complaints to avoid and recover transfers in advance of the Avoidance Action Deadline. However, as previously stated, the Trustee requires more information about the Debtor's prepetition relationships, transactions, and accounting practices to complete her investigation as to other causes of action. To gather that information, the Trustee has been diligently pursuing discovery of the Debtor's books, records, and other information related to the Debtor's prepetition relationships and transactions. On June 2, 2022, the Trustee served subpoenas under Rule 2004 on the Debtor's parent company, Sun Holdings, Inc., and other related entities seeking full and complete production of the Debtor's prepetition financial information.

10. The subpoena targets have not formally responded to the subpoenas. The Trustee was forced to file a *Motion to Compel Production of Documents Pursuant to Rule 2004 Subpoenas* (Doc. No. 329). The Court entered an order granting the Trustee's motion to compel on August 31, 2022. (Doc. No. 334).

11. The subpoena recipients then failed to respond to the Court's order, necessitating the Trustee's *Motion for Order to Show Cause Why Subpoenaed Parties Should Not be Held in Contempt of Court for Failure to Comply with Order* (Doc. No. 336). Following the last hearing on the motion to show cause, on December 2, 2022 the Court entered an order (Doc. No. 390), among other things referring the Trustee and the recipients of the Rule 2004 subpoenas to mediation, tolling any applicable limitations periods as to those entities, and requiring the entities to sit for a Rule 2004 examination deposition by December 9, 2022.

12. The depositions were scheduled, but the deponent had a heart event that prevented him from attending the deposition, and the Trustee was forced to reschedule the deposition. As a result, the Trustee requests an additional extension of the Avoidance Action Deadline.

**Relief Requested and Basis for Relief**

13. The Trustee seeks a 60-day extension of the Avoidance Action Deadline, through and including Friday, April 14, 2023, without prejudice to further extensions for good cause. The Trustee believes this extension will allow her to exact compliance from records custodians of the Debtor's financial information and further provide sufficient time to review such information in relation to potential estate causes of action.

14. The Eleventh Circuit Court of Appeals has confirmed that bankruptcy courts have the authority to enlarge the two-year time period to bring avoidance actions set forth in Section

546(a) of the Bankruptcy Code. *See In re Int'l Admin. Servs., Inc.,* 408 F.3d 689, 699 (11th Cir. 2005); *In re Fundamental Long Term Care, Inc.*, 501 B.R. 784, 788 792 (Bankr. M.D. Fla. 2013) ("There is no question the Court has the authority to enlarge the two-year limitations period under section 546(a).").

15. "Rule 9006(b) specifically provides that the Court, in its discretion, may enlarge the time period for completing any act required under the Federal Rules of Bankruptcy Procedure." *In re Int'l Admin Servs. Inc.*, 408 F.3d at 699. In *International Administrative Services*, the Eleventh Circuit reasoned that Section 546's statutory deadline is subject to enlargement through Bankruptcy Rule 9006 because the rule incorporates all other Bankruptcy Rules, including Bankruptcy Rules 7001 (prescribing actions which may be brought as adversary proceedings) and 7003 (governing commencement of adversary proceedings). *See id.* Because Section 546(a) of the Bankruptcy Code sets a deadline for bringing avoidance actions, which are brought by adversary proceeding, the Eleventh Circuit held that Bankruptcy Rule 9006 authorizes a bankruptcy court to extend the time to bring such adversary proceedings. *Id.*; *see In re Fundamental Long Term Care, Inc.*, 501 B.R. at 788.

16. Here, the Court has extended the deadline by court order. The Trustee requests a further extension of the deadline set forth in that order. The Trustee's request satisfies the "for cause" standard for an enlargement under Bankruptcy Rule 9006 of the deadline to bring causes of action. Whether the "for cause" standard is satisfied is a determination within the discretion of the bankruptcy court. *See Matter of James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995) ("[T]he term "for cause" should receive a liberal construction."); *Wenhope Ass'n v. Plantation Manor Restaurant of Houma (In re Plantation Manor Restaurant of Houma)*, 45 B.R. 229, 232 n. 4

(E.D. & W.D. Ark. 1984); *In re Kellogg*, 41 B.R. 836, 838 (Bankr. W.D. Okla. 1984); *Mfrs. Hanover Trust Co. v. Horvath (In re Horvath)*, 20 B.R. 962, 965 (Bankr. S.D. N.Y. 1982)).

17.  The Trustee has diligently sought financial information and information relating to the Debtor's prepetition relationships in order to aid her investigation, but the Debtor's prepetition records custodians—affiliate entities—have yet to be able to sit for examination. The Trustee has been ordered to mediate those issues, and had a deadline for a deposition that has unfortunately been extended solely as a result of the medical condition of the deponent. Additional time will allow the Trustee time to obtain and analyze requested information to develop and assess claims the estate may have against third parties. Cause exists to grant the requested extension.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, the proposed form of which is attached hereto as **Exhibit A**, (i) granting this motion, (ii) extending the Avoidance Action Deadline under 11 U.S.C. § 546(a) for a period of 60 days through and including Friday, April 14, 2023, and (iii) for such further relief as is appropriate under the circumstances.

DATED: February 13, 2023.

*/s/ Daniel R. Fogarty*
Daniel R. Fogarty (FBN 0017532)
**STICHTER RIEDEL BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
Telephone: (813) 229-0144
Email: dfogarty@srbp.com
Attorneys for Subchapter V Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing *Subchapter V Trustee's Third Motion to Extend Deadline Pursuant to 11 U.S.C. §546(a)* have been furnished on this 13th day of February, 2023 by the Court's electronic CM/ECF noticing system to all parties receiving electronic notice.

                    */s/ Daniel R. Fogarty*
                    Daniel R. Fogarty

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                    Chapter 11

SUN STEAKS, LLC,                                           Case No. 8:20-bk-07727-CED

    Debtor.
_____/

**ORDER GRANTING SUBCHAPTER V TRUSTEE'S
THIRD MOTION TO EXTEND DEADLINE PURSUANT TO 11 U.S.C. § 546(a)**

THIS CASE came on for consideration upon the *Subchapter V Trustee's Third Motion to Extend Deadline Pursuant to 11 U.S.C. § 546(a)* (Doc. No. ___) (the "**Motion**"). The Court having considered the Motion together with the record, finds that the Motion is well taken and should be granted as set forth herein. Accordingly, it is

**ORDERED** that:

1.    The Motion is granted.

2.    The time for the Trustee to file complaints pursuant to 11 U.S.C. § 546(a) is hereby extended for an additional 60 days, through and including Friday, April 14, 2023. This extension is without prejudice to future requests for extensions requested by the Trustee.

*Attorney Daniel R. Fogarty is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.*